DINGER, Respondent, vs. McCOY TRANSPORTATION COMPANY and another, Appellants.

*September 9—October 14, 1947.*

For the appellants there was a brief by *Lees & Bunge,* and oral argument by *Lawrence M. Engelhard,* all of La Crosse.

For the respondent there was a brief by *Donovan, Gleiss & Goodman* of Sparta, and oral argument by *Leo J. Goodman.*

FAIRCHILD, J. We shall first consider appellants' contention that the evidence does not sustain the jury findings of causal negligence on the part of the bus driver. An examination of the record discloses credible evidence that he was negligent in the respects found by the jury. Two witnesses estimated the speed of the bus to be at least thirty-five miles per hour. The vehicles' comparative distance from the intersection shortly before the collision also tends to substantiate a finding of negligent speed on the part of the bus driver. On the evidence the jury might reasonably have concluded that the bus driver was also negligent in failing to see that the respondent was preparing to make a left turn and in failing to reduce his speed as he approached the intersection. There

were reasonable grounds for the jury to believe that the collision would not have happened if the bus driver had kept a proper lookout and if he had been driving at a lawful rate of speed. The jury findings in those respects must be sustained.

The appellants also contend, and with this contention we agree, that the respondent Dinger was negligent as a matter of law in negotiating the left turn as he did. The statutes relative to this situation are as follows:

Sec. 85.17 (2), Stats. 1943:

"*Turning left.* The operator of a vehicle intending to turn to the left at an intersection or into a private highway shall make such turn from the traffic lane immediately to the right of and next to the center of the highway and shall pass immediately to the left of the center of the intersection, passing as closely as practicable to the left of the center of the intersection, and shall leave the intersection immediately to the right of the center of the intersecting highway."

Sec. 85.18 (5), Stats. 1943:

"*Vehicles turning left in intersections.* The operator of a vehicle within an intersection intending to turn to the left across the path of any vehicle approaching from the opposite direction, may make such left turn where it is permitted only after affording a reasonable opportunity to the operator of such vehicle to avoid a collision."

It is undisputed that Dinger failed to pass immediately to the left of the center of the intersection in making his turn. He therefore violated sec. 85.17 (2), Stats. By negotiating the turn as he did, cutting the corner short, Dinger also violated sec. 85.18 (5). The violation of these statutes, where no evidence appears to excuse the violation, must be held to be negligence as a matter of law. It might well have been that if Dinger had observed these rules of the road and had made a proper left turn, he would have been able to avoid the consequences of the negligent operation of the bus.

Because respondent Dinger was negligent as a matter of law, his negligence is to be compared with that of the bus driver before a final disposition of this case can be made.

*By the Court.*—Judgment reversed. Cause remanded with directions to grant a new trial.